**2nd CORRECTED COPY**

**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**
**Washington, D.C.**

**UNITED STATES**

**v.**

**Jeffrey M. JOHNSON**
**Seaman Apprentice (E-2), U.S. Coast Guard**

**CGCMS 24397**

**Docket No. 1308**

**July 29, 2009**

Special Court-Martial convened by Commander, Coast Guard Sector Charleston. Tried at Charleston, South Carolina, on 7 November 2007.

| | |
|---|---|
| Military Judge: | CAPT Brian M. Judge, USCG |
| Trial Counsel: | LCDR Thomas R. Brown, USCG |
| Assistant Trial Counsel: | LCDR Erin H. Ledford, USCG |
| Defense Counsel: | LCDR Marcus N. Fulton, JAGC, USN |
| Appellate Defense Counsel: | LT Jeffery S. Howard, USCG |
| Appellate Government Counsel: | LCDR Brian K. Koshulsky, USCG |

**BEFORE**
**McCLELLAND, LODGE & CHANEY**
Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of making false official statements, in violation of Article 107, Uniform Code of Military Justice (UCMJ); and five specifications of wrongful distribution, possession, and use of a Schedule I controlled substance, in violation of Article 112a, UCMJ. The military judge sentenced Appellant to confinement for five months, reduction to E-1, and a bad-conduct

discharge.  The Convening Authority approved the sentence as adjudged, but suspended confinement in excess of 120 days for twelve months[1], pursuant to the pretrial agreement.

Before this court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved.  Accordingly, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed.



For the Court,


Ryan M. Gray
Clerk of the Court

---

[1] The Convening Authority's action does not specify the date from which the twelve months is to be computed.  The pretrial agreement specified twelve months from the date of release from confinement.  The action is dated May 12, 2008.  Twelve months from either release from confinement or the date of the action has passed, so the ambiguity is moot.